# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Jones,<br><br>   Petitioner,<br><br>v.<br><br>Warden J. Fikes,<br><br>   Respondent. | Case No. 20-cv-01341 (SRN/HB)<br><br>**ORDER** |

Jeremy Jones, Reg. No. 29510-076, FCI-Sandstone, J. Unit, P.O. Box 1000, Sandstone, MN 55072, Pro Se.

Ana H. Voss, Andrew Tweeten, and Ann M. Bildtsen, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Petitioner Jeremy Jones's Objections [Doc. Nos. 40, 44] to United States Magistrate Judge Hildy Bowbeer's November 2, 2020 Report and Recommendation [Doc. No. 34] ("R&R") and January 19, 2021 R&R [Doc. No. 42]. The magistrate judge recommended that Jones's Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition") and Motion for a Preliminary Injunction and to Amend the Petition [Doc. No. 8] be denied. (Nov. 2, 2020 R&R at 16; Jan. 19, 2021 R&R at 13.) For the reasons set forth below, Jones's objections are overruled, and the Court adopts the R&Rs in their entirety, dismisses Jones's Petition, and denies the Motion for a Preliminary Injunction and to Amend the Petition.

1

## I. BACKGROUND

The factual and procedural background of this matter is well documented in the R&Rs, which are incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Jones's Objections.

Jones is incarcerated at the Federal Correctional Institute in Sandstone, Minnesota ("FCI-Sandstone"), and is serving an aggregated 102-month sentence. (Nov. 2, 2020 R&R at 1.) Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he: (1) was arbitrarily denied placement in a residential drug abuse program ("RDAP"); (2) received an erroneous custody classification without prior notice; (3) was denied placement in a residential reentry center ("RRC"); and (4) was denied release or placement in home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (Pet. at 6-8.) Subsequently, Jones amended the Petition to add claims alleging (1) that his inmate financial responsibility payments ("IFRP") have been incorrectly calculated, requiring him to make payments greater than the restitution ordered as part of his sentence, and (2) that the Bureau of Prisons ("BOP") has been deliberately indifferent to Jones's ankle injury in violation of the Eighth Amendment. (Nov. 2, 2020 R&R at 2.)

In his Motion for a Preliminary Injunction and to Amend the Petition, Jones seeks an injunction requiring Respondent to immediately transfer him to an RRC or home confinement. (Mot. for Prelim. Inj. and to Amend Pet. at 11.) Additionally, Jones seeks to add allegations pertinent to his ankle injury, along with an additional deliberate indifference claim. (*Id.* at 2-6.)

In the November 2, 2020 R&R, the magistrate judge recommended that the Court deny the Petition with respect to Jones's RDAP, RRC, and CARES Act claims, dismiss Jones's erroneous custody classification and deliberate indifference claims without prejudice, and deny Jones's Motion for a Preliminary Injunction and to Amend the Petition. (Nov. 2, 2020 R&R at 16.) The magistrate judge ordered additional briefing from the Respondent regarding Jones's IFRP claim. (*Id.*) After receiving that briefing, the magistrate judge issued a second R&R recommending that the IFRP claim be dismissed as well. (Jan. 19, 2021 R&R at 13.) The magistrate judge reasoned that although the Respondent cannot require Jones to make IFRP payments that exceed the restitution order in his sentence, it could ask him to voluntarily make such payments; and when Jones refused to make his IFRP payments, the consequences of his decision were not unconstitutional.

In his Objection to the November 2, 2020 R&R, Jones challenged the magistrate judge's recommendations with respect to his RDAP, RRC, and CARES Act claims. Jones largely re-asserted the arguments he presented to the magistrate judge. (*See generally* Obj. [Doc. No. 40].) With respect to his CARES Act claim, Jones also stated that after the magistrate judge issued the R&R, Jones was informed that his unit at FCI-Sandstone had been exposed to COVID-19. (*Id.* at 12-13.) Jones did not address the magistrate judge's recommendations with respect to the other claims in his Petition or his Motion for a Preliminary Injunction and to Amend the Petition. And in his Objection to the January 19, 2021 R&R, Jones argued that he did not refuse to make IFRP payments, and that the consequences for refusing to make IFRP payments violate equal protection principles.

3

## II.   DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because Jones proceeds pro se, the Court liberally construes the Petition. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

With respect to Jones's RDAP claim, the magistrate judge observed that the Petition challenges the BOP's decision not to admit Jones to the RDAP program as arbitrary and capricious under the Administrative Procedure Act ("APA"). (Nov. 2, 2020 R&R at 8-9.) Noting that arbitrary and capricious review under the APA does not apply to RDAP decisions, the magistrate judge concluded that the Court lacks subject matter jurisdiction over Jones's challenge. (*Id.* at 9 (citing 18 U.S.C. § 3625 and collecting cases).) Jones argues that the magistrate judge mischaracterized his challenge to the RDAP decision. He points to his memorandum filed in support of his Motion for a Preliminary Injunction, where he argued:

> Petitioner Jones has shown the court that he qualified for RDAP pursuant to the BOP's own rules, Program Statement 5330.11 and the DSM Manual. The decision to deny him was an abuse of discretion <u>and does not comply with federal law</u>.

(Mem. in Supp. Mot. for Prelim. Inj. [Doc. No. 24], at 11 (emphasis added).)

4

However, the magistrate judge correctly concluded that Jones's argument is best characterized as an abuse of discretion challenge under the APA. In his memorandum in support of the Petition, Jones argued that "the decision to deny him the clinical interviews and to proceed in participation of the Residential Drug Treatment Program was Arbitrary Capricious and a Abuse of Discretion [sic]." (Br. in Supp. of Pet. [Doc. No. 4], at 7.) Apart from passing assertions that the BOP's decision did "not comply with federal law," Jones's language, as the magistrate judge concluded, "suggests that Jones is challenging the BOP's decision under the Administrative Procedure Act." (Nov. 2, 2020 R&R at 9.) As the magistrate judge aptly explained, 18 U.S.C. § 3625 exempts RDAP decisions from arbitrary and capricious review under the APA. (Nov. 2, 2020 R&R at 9 (collecting cases).) Thus, the Court finds that it lacks subject matter jurisdiction over Jones's RDAP claim.

Similarly, with respect to Jones's RRC claim, the magistrate judge reasoned that "Jones does not argue that the BOP's RRC placement decision was unconstitutional, violated established federal law, or exceeded its statutory authority. Rather, he argues simply that the denial was not based on the five factors enumerated in § 3621(b)." (*Id.* at 10.) Because "[i]t is well established 'that § 3625 precludes judicial review of the BOP's discretionary decisions under []§ 3621 . . . in the context of RRC . . . placement,'" the magistrate judge concluded that the Court lacks subject matter jurisdiction over Jones's RRC claim. (*Id.* (quoting *Khdeer v. Paul*, No. 18-cv-2112 (ECT/BRT), 2018 WL 6919637, at *4 (D. Minn. Nov. 29, 2018), *report and recommendation adopted*, 2019 WL 79318 (D. Minn. Jan. 2, 2019)).)

5

Jones asserts that the Court has jurisdiction to determine whether the BOP's RRC placement decision comports with federal law. (Obj. at 8.) But, like the magistrate judge, the Court reads the Petition as disputing the BOP's discretionary decision not to grant RRC placement, rather than as a constitutional or statutory challenge to the rules and procedures the BOP followed in reaching that decision. *Cf. Elwood v. Jeter*, 386 F.3d 842, 845 (8th Cir. 2004) (considering a statutory and constitutional challenge to a BOP policy regarding RRC placement, as opposed to a challenge to the BOP's discretionary RRC placement decisions in individual cases). Thus, the Court finds that it lacks subject matter jurisdiction over Jones's RRC claim.

Regarding Jones's CARES Act claim, the magistrate judge observed that the CARES Act gives Jones the possibility of, but not the right to, home confinement. (*Id.* at 11 (citing *United States v. Brown*, No. 12-cr-172(3) (SRN), 2020 WL 1922567, at *2–3 (D. Minn. Apr. 21, 2020)).) The magistrate judge correctly concluded that "[t]he BOP's implementation of the CARES Act is not subject to judicial review merely because Jones is dissatisfied with the timing of when he will be considered for home confinement." (*Id.*) The fact that, subsequent to the November 2, 2020 R&R, Jones was informed that his unit at FCI-Sandstone had been exposed to COVID-19 does not give this Court jurisdiction to review Jones's CARES Act claim. (Obj. at 12-13.)

Finally, the magistrate judge recommended that the Court dismiss Jones's IFRP claim. The magistrate judge reasoned that although the BOP cannot require Jones to make IFRP payments in excess of the restitution order imposed as part of his sentence, it may ask that he voluntarily agree to pay more. (Jan. 19, 2021 R&R at 11-12 (citing *United States*

6

*v. Lemoine*, 546 F.3d 1042, 1048 (9th Cir. 2008)).) As the magistrate judge correctly reasoned, the BOP asked Jones to voluntarily make payments in excess of the amount required by his sentence, and when he refused to continue making those payments, Jones forfeited the benefits of participation in the IFRP program. Jones argues that when he asked that his payments be reduced, he did not outright refuse to pay. (*See* Obj., Ex. 1 [Doc. No. 45].) But Jones stopped making *any* IFRP payments in June 2020. (Third Decl. of Heather Kensy [Doc. No. 37], at ¶ 12.) Like the magistrate judge, the Court finds that the consequences for Jones's refusal to participate in the voluntary IFRP program are not unconstitutional. *See Cervantes v. Cruz*, No. CIV. 07-4738DWFJJK, 2009 WL 76685, at *5 (D. Minn. Jan. 8, 2009) ("None of the consequences of an inmate's refusal to participate in the IFRP, such as the loss of benefits or privileges [like outside work details, better housing, and community privileges], give rise to a constitutional violation.").

Thus, the Court finds that the magistrate judge correctly recommended dismissal of Jones's RDAP, RRC, CARES Act, and IFRP claims. Because Jones did not object to the magistrate judge's recommendations regarding Jones's other claims, the Court will adopt the R&Rs in their entirety.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

    1. Petitioner's Objections to the Reports and Recommendations [Doc. Nos. 40, 44] are **OVERRULED**;

7

2. The November 2, 2020 Report and Recommendation [Doc. No. 34] is **ADOPTED**;

3. The January 19, 2021 Report and Recommendation [Doc. No. 42] is **ADOPTED**;

4. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED**; and

5. Petitioner's Motion for a Preliminary Injunction and to Amend the Petition [Doc. No. 8] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 12, 2021                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge