# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Jones, <br><br> Petitioner, <br><br> v. <br><br> Warden J. Fikes, <br><br> Respondent. | Case No. 20-cv-1341 (SRN/HB) <br><br> **REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Jeremy Jones filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Jones's habeas petition was dismissed on the merits and judgment was entered on February 12, 2021. (*See* Order [ECF No. 47]; J. [ECF No. 48].) This case is now before the Court on Jones's Emergency Motion Pursuant to 18 U.S.C. § 3622 [ECF No. 49]. Jones requests temporary release.

Jones's motion must be denied because this case is closed. "[A] district court's jurisdiction typically ends when a case is closed and judgment entered," though it "retains ancillary jurisdiction to 'manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Jenkins v. Kansas City Mo. Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994)). The relief requested by Jones does not fall into one of the categories for ancillary jurisdiction; Jones's petition was dismissed in its entirety. Thus, the Court does not have jurisdiction to entertain his motion.

1

Alternatively, the motion should be denied on the merits. The Bureau of Prisons (BOP) may temporarily release a prisoner

> for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to—
>
>> (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of—
>>
>>> (1) visiting a relative who is dying;
>>>
>>> (2) attending a funeral of a relative;
>>>
>>> (3) obtaining medical treatment not otherwise available;
>>>
>>> (4) contacting a prospective employer;
>>>
>>> (5) establishing or reestablishing family or community ties; or
>>>
>>> (6) engaging in any other significant activity consistent with the public interest[.]

18 U.S.C. § 3622. The statute "empower[s] the BOP—not the federal courts—to temporarily release federal prisoners." *Bania v. Fed. Bureau of Prisons*, No. 10-cv-2212 (SRN/FLN), 2011 WL 882096, at *5 (D. Minn. Feb. 24, 2011), *R. & R. adopted,* 2011 WL 883222 (D. Minn. Mar. 11, 2011). Thus, a court may only recommend that the BOP exercise its discretion to grant temporary release pursuant to § 3622. *See United States v. Sessum*, No. 15-CR-667-6 (KPF), 2020 WL 6392817, at *5 (S.D.N.Y. Oct. 30, 2020). The Court should not do so here.

Jones's first ground for relief is that his child's mother may need surgery and that his child has autism and cannot be left alone. (Pet'r's Mem. Supp. [ECF No. 50 at 1].) Jones does not, however, provide information about the length of the surgery or the recovery time, nor does he show that no one else can or will care for his child. Jones did submit a statement that his son's usual caretaker, a maternal grandmother, is ill and has been the only other person to care for his son. (Pet'r's Ex. 2 [ECF No. 51-2 at 2].) But he did not show that no one else can or will care for his son during his mother's surgery and recovery. The Court is sympathetic to Jones's plight, but the circumstances he describes do not fall within the purposes enumerated in § 3622(a) such that the Court would recommend that the BOP consider a temporary release.

Jones also states that he has refused, due to COVID-19 concerns, a corticosteroid injection to treat his arthritic pain. (Pet'r's Mem. Supp. [ECF No. 50 at 1–2].) Although he conceivably could receive medical treatment not otherwise available in prison if he were released, *see* § 3622(a)(3), he has not explained what that medical treatment would be. To the contrary, it appears he would seek the same treatment if he were released. Furthermore, a prison record submitted by Jones indicates that he is independent in his activities and able to move without assistance. (Pet'r's Ex. 2 [ECF No. 51-2 at 10].) Therefore, the Court does not recommend the BOP consider a temporary release so that Jones can receive medical treatment.

Finally, the Court has already specifically addressed and rejected Jones' claims concerning placement in a residential drug abuse program, in a residential reentry center,

and under the Coronavirus Aid, Relief, and Economic Security Act. (*See* Pet'r's Mem. Supp. [ECF No. 50 at 1, 3]; Order at 5–6 [ECF No. 47].)

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Petitioner Jeremy Jones's Emergency Motion Pursuant to 18 U.S.C. § 3622 [ECF No. 49] be **DENIED**.

Dated: April 28, 2021            *s/ Hildy Bowbeer*
Hildy Bowbeer
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).